# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1323V
Filed: September 26, 2017

| | | |
|---|---|---|
| ************************************* | | Special Master Sanders |
| DANA RIDDLE, | * | |
| | * | Attorneys' Fees and Costs; Adjusted Law |
| Petitioner, | * | Clerk Rates. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| ************************************* | | |

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On November 4, 2015, Dana Riddle ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of a Tetanus-Diphtheria-acellular-Pertussis ("Tdap") vaccine administered on December 23, 2014, she suffered from myalgia, arthralgia, and/or other injuries. Petition at Preamble, ECF No. 1. On May 18, 2017, the undersigned issued a decision

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

pursuant to the parties' Joint Stipulation on Damages.  Decision, ECF No. 37.

On August 22, 2017, Petitioner filed an application for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $28,281.00 and attorneys' costs in the amount of $5,814.07.  *See* Pet'r's Mot. Att'ys' Fees and Costs at 1, ECF No. 42.  In compliance with General Order #9, Petitioner filed a signed statement indicating she incurred no out-of-pocket expenses.  Pet'r's Ex. 3, ECF No. 42-3.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2 (Aug. 31, 2017), ECF No. 43.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

### a. Hourly Rates

Special Master Gowen determined the reasonable forum rate ranges for attorneys with

varying years of experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour.  *Id.*  An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225.  *Id.*

In the instant case, Mr. McLaren requests $410.00 per hour for work performed in 2015; $425.00 per hour for work performed in 2016; and $440.00 per hour for work performed in 2017.  These rates have previously been awarded[3] to Mr. McLaren and fall within the ranges in the fee schedules[4] for attorneys with his level of experience.  *Henry*, 2016 WL 7189925*; Brown v. Sec'y of Health & Human Servs.*, 13-766V, 2016 WL 7666536 (Fed. Cl. Spec. Mstr. Dec. 16, 2016).  Therefore, the undersigned awards Mr. McLaren these requested rates.

Mr. William Cochran, Jr., a partner at the McLaren Firm, also billed for time in this case at $345.00 per hour for work performed in 2015; $355.00 per hour for work performed in 2016; and $365 per hour for work performed in 2017.  Mr. Chris Webb, an associate at the McLaren Firm, billed time in this case at a rate of $295.00 per hour in 2015; $305.00 per hour in 2016; and $315.00 per hour in 2017.  Both these attorneys' rates are in accordance with the *McCulloch* fee schedules and have been previously awarded to Mr. Cochran, Jr. and Mr. Webb.  Thus, the undersigned awards them in full.

Paralegal time was billed at a rate of $135.00 per hour for work performed in 2016, which is in accordance with the 2015-2016 fee schedule.  The undersigned awards this requested rate in full.

Law clerks also billed time in the case, at a rate of $145.00 per hour in 2015; $150.00 per hour in 2016; and $155 per hour in 2017.  According to the 2016 and 2017 fee schedules,[5] law clerks and paralegals are entitled to $125.00 - $145.00 per hour in 2016 and $128.00 - $148.00 per hour in 2017.  Therefore, the undersigned adjusts the hourly rates requested by the law

---

[3] On November 4, 2016, Chief Special Master Dorsey issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), finding the McLaren Firm entitled to forum rates and setting hourly rates for the firm consistent with those set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The hourly rates contained within both schedules are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] *See* infra, note 3.

clerks.  The undersigned will compensate the law clerks at $145.00 per hour for work performed in 2016 and $148.00 per hour for work performed in 2017, thereby reducing Petitioner's application by $99.30.

### b. Hours Expended

Petitioner requests compensation for 4.5 hours entered by Mr. McLaren, 2.3 hours entered by Mr. Cochran, Jr., 72.4 hours entered by Mr. Webb, 1 hour entered by Ms. Holdford, 3.5 hours by Ms. Garcia, and 20.4 hours entered by Ms. Ward.  *See generally* Pet'r's Mot.  Petitioner submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task.  Based on the lack of objection from Respondent and my review of Petitioner's motion, I find that the hours expended are reasonable and should be awarded in full.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests $5,814.07 in attorneys' costs.  These costs are associated with medical record retrieval, postage, expert expenses, travel expenses, and a filing fee.  *See generally* ECF No. 42-2.  The undersigned finds them to be reasonable and awards them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $28,281.00 |
| (Reduction to Ms. Garcia's Hourly Rate from 2016) | -$13.50 |
| (Reduction to Ms. Garcia's Hourly Rate from 2017) | -$0.70 |
| (Reduction to Ms. Ward's Hourly Rate from 2016) | -$55.00 |
| (Reduction to Ms. Ward's Hourly Rate from 2017) | -$30.10 |
| **Total Attorneys' Fees Awarded** | **$28,181.70** |
| | |
| **Attorneys' Costs Awarded** | **$5,814.07** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$33,995.77** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions.  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the following amount: $33,995.77, in the form of a check made payable jointly to Petitioner and**

**Petitioner's counsel, Michael G. McLaren, of Black McLaren, et al., PC.** [6] In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

    **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).